IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FILED
APR 28 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

GLEN W. DUCOTE,
    Petitioner,

v.

PERRY PHELPS, WARDEN;
JOSEPH R. BIDEN III Attorney
General for State of Delaware
    Respondants.

Civ. A. No. 07-374-GMS

## MOTION TO AMEND PETITION TO ADD GROUNDS EIGHT, NINE AND TEN.

Petitioner moves this Court pursuant to Habeas Rules 5 and 11 of F.R.C.P. Rules 11 and 15 (a) and (c), to permit him to amend his previous filed Habeas Corpus Petition to add clarification and amplification to Petitioners Petition Ground 5 and 6 claims of Ineffective Assistance of Counsel. See: United States v Thomas 221 F.3d 430 (3rd Cir. 2000); Stevens v. Del. Corr. Ctr. 295 F.3d 361, 370 (3rd cir. 2002)(Claims clarified in Federal Court related to facts submitted in state courts) This Amendment seeks to amplify or clarify the central issue of the Petition and related back to those facts.

Ground 8: "Counsel ineffective for failing to investigate the medical evidence and also procure an independant medical expert to rebutt States medical examiner's opinion that Petitioner had the requisite state of mind of intent based on the injuries inflicted when the most severe injuries were not from the initial assault but from an incident that occurred on the highway." (Having done

-1-

would have permitted the jury to access Petitioner's guilt of Assault Second Degree, 11 Del. C. § 612(a)(1)(2): "The person [] intentionally causes serious physical injury to another person; or The person [] intentionally causes physical injury to another by means of a deadly weapon..."

GROUND 9: "Allowable evidence insufficient to establish guilt beyond a reasonable doubt to the "causation" element and/or "intent" element of intentional first degree murder to support Petitioner's conviction under 11 Del C § 636(a)(1), when injury infliction causation was not segregated from automobile injuries that are not relevant to petitioner circumstances as he believed them to be at the specific time of alleged intent under 11 Del C § 531."

These issues facts were "passed over" by counsel and Court during appellant review, Tollet v. Henderson 411 US 258, 266-67 (1973) (Counsels failure to properly evaluate facts); Flamer v Chaffinch 827 F. Supp    , 1100 (D. Del.    )(State highest Court need only have sufficient facts in the record) These grounds issues relate directly to Petitioners grounds 5 and 6.

FACTUAL SUPPORT FOR THESE CLAIMS: See. T.Tr. of Jan. 14, 2004. Testimony of expert witness Pakesh Patel M.D. pgs. 82-107; and, Theresa Bare pgs. 108-172. First, Dr. Patel made no distinguishment between the specific damage caused only by the stab wounds, and those injuries being ran completely over by a large commercial van which injuries were not legally part of the States case on intent. This doctors opinion was not challenged via adversarially by an independant expert defense witness to rebutt both "causation"

-2-

and the probable location of stab wounds that were in fact stab wounds and the abscense of major organ damage likely to cause death from only those stab wounds in isolation. This evidence "under the circumstances" Petitioner believed them to be would have shown lack of ~~note~~ specific intent to kill, based on criminal standard of proof beyond a reasonable doubt.

Testimony of victim Bare pgs 108-172. Specifically the following: ~~pg. 129~~: The point Petitioner emphasizes is the is <u>no testimony</u> where Petitioner actually verbalized "<u>I AM going to kill you</u>." The phrases used by victim are "<u>paraphrases</u>" of victims <u>thoughts</u> <u>what she "thought"</u> Petitioner was going to do — NOT what petitioner actually said. <u>See e.g.</u>: pg. 29: "today is the day you are going to die <u>if</u> you get up"; pgs 130-131: No specific verbalized specific intent to kill, it is conditioned on "if" victim didn't do Petitioners request.; pgs. 131-133: victim testifies being stabbed in stomach (<u>not</u> in chest or throat cut) and Petitioner let her go to the kitchen; pg. 134: again conditioned on "if"; pgs. 134-138: The phrases "he kept telling me he was going to kill me" are "<u>paraphrases</u>" of this victim because "[she] knew" the "same way he was doing me."; pgs. 140-141: Again this is <u>what the victim thought</u>, <u>NOT</u> Petitioner. It is what was in the mind of the Petitioner that is at issue; ie; "The same way I ~~felt~~ had felt, I am going to die". <u>See also</u>: pgs 153-160 (cross-examination on ~~specific~~ lack of specific intent to kill under the circumstances Petitioner believed them to be)

Because the injuries played a significant factor in this trial, the Constitution requires that the State provide access to an expert

witness assistance and that Court appointed defense counsel meet with an adversarial challenge to the issue of "causation" as an element relied on by the State in it's case-in-chief, at a particular time during an offense when it is seriously a question of fact. Particularly when no testimony was offered about Petitioners mental state at the time of this specific offense under <u>title 11 Del. C § 531 and 11 Del C § 636 (a)(1)</u>. Petitioner did not have a fair opportunity to present an adequate defense. <u>AKE v OKLAHOMA 470 US 68 (1985)</u>. There was no tactical advantage in not investigating the medical evidence or hiring a professional to clarify which injuries were caused by the stabbing. <u>See: States Closing</u> Ti.Tr. Jan. 15, 2004 pg. 20 "after you discuss kidnapping charge <u>with</u> the question of intent to kill." At the specific time during which the alleged specific conscious object or purpose to specifically intentionally kill victim had occurred. Particularly, there was never evidence that Petitioner made a statement "I <u>AM</u> going to kill you!". Logically a threat based on a condition does not logically fall under "the circumstances [Petitioner] believed them to be [that] constitute[s] a 'substantial' step in the course of conduct 'planned' to culminate the commission of [specific intention] murder in the First Degree..." thus does not meet the requisite standard of intent beyond a reasonable doubt particularly when combined with the lack of "causation" element. These issues relate to the facts raised in the Appeals in State Court, as does Ground 10.

GROUND 10: "Jury Instructions As Given At Petitioners Trial Violated The 14th Amendment's Due Process Clause Because The Pattern Jury Instructions On Attempted First Degree Murder And First Degree Assault WERE Unconstitutional Because They Allowed The Jury To Return An Attempted First Degree Murder Verdict Without Considering Whether The Defendant Possessed A Mental State That Would Support A First Degree Assault Verdict Instead."

Supporting Facts: Please fully incorporate Trial Transcript of Jan. 15, 2004, pg: 53-56. Superior Court Judge Carpenter states directly after the Attempted First Degree Murder and the lesser included assault first degree charge, pgs 53-55, "Now, let me pause here to and say this is not the only offense that you will have a lesser included offense. Obviously, if you, based upon your deliberations and consideration of the evidence have found the defendant guilty of attempted murder first degree, you would not go and consider the lesser included included offense of assault because you already made your decision. You would only go to the lesser offenses if you are unable to reach a unanimous verdict as to the primary offense." Id. pg 56. This violates the holding in Supreme Court presendent Gilmore v. Taylor 508 US 333, 339, 340 (1993)(Because murder instruction preceded the lesser included instruction, a juror could conclude that the defendant was guilty of murder after applying the elements of that offense without continuing on to decide not whether the elements of the lesser included offense were also made out so

-5-

as to justify returning a verdict on that lesser offense instead. Id at 339,-340. "Explicit misdirection on this scale violates the constitutional guarantee of due process" Id. Notably, the error was even more pronounced in this instant case because the Court actually instructed the jury to ignore or, "not go and consider the lesser included offense of assault". Tr.T. 1-15-2007 pg. 56.

Cause for failure to raise this claim can be attributed to ineffective assistance of counsel or that a miscarriage of justice will occur if this Court fails to hear this claim on the merits because Petitioner is actually innocent of his sentence and thus should be permitted to pass through the gateway decided in Schlup v Delo 513 US 298 (1995); Hubbard v Pinchak 378 F3d 333, 338 (3rd cir 2004) (actual innocence first raised in Traverse sufficient to preserve claim). Applies to non-capital sentence. Dugger v Adams 489 US 401, 411 n.6 (1989) and to the degree of crime. Smith v Murray 477 US 527, 538 (1986). (depends not on nature of the penalty) See Swegar Swegar v Chesney 294 F3d 506, 522 n.17 (3rd cir 2002) and Glass v Vaughn 860 F.Supp 201, 216 (E.D. Pa 1994) (actual innocence applied to degree of murder first and third degree murder)

WHEREFORE, Petitioner respectfully requests that this Honorable Court Grant his Motion to Amend these Grounds 8, 9 and 10, as they relate back to the facts under F.R.C.P. Rule 15(c).

Dated: 4-22-08

Respectfully submitted,

_____ 4-22-08
Glen W. DuCote - Petitioner
Delaware Correctional Center
Smyrna, DE 19977

- 6 -

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GLEN W. DUCOTE,
    Petitioner,

v.

PERRY PHELPS, Warden;
JOSEPH R. BIDEN III
Attorney General for State
of Delaware,
    Respondants.

Civ. A. No. 07-374-GMS.

## ORDER

The Petitioner's Motion to Amend Petition to Add Grounds 8, 9 and 10, has been read and concidered.

IT IS ORDERED that this Motion to Amend is Granted this _____ day of _____ 2008.

_____
United States District Judge

## Certificate of Service

I, _Glen W Ducote_, hereby certify that I have served a true and correct cop(ies) of the attached: _Motion to Amend And Add - 8, 9, 10_ upon the following parties/person (s):

TO: _Mr. Kevin Carroll_
_820 North French_
_Carvel State Building_
_8th Floor_
_Wilmington Dela 19801_

TO: _U.S. District Court_
_Boggs Federal Building_
_Lock Box 18_
_844 King Street_
_Wilmington Dela 19801_

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _22_ day of _April_ 2008